IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:23CR174 |
| Plaintiff, | ) | |
| -vs- | ) | **BRIEF IN SUPPORT OF MOTION TO WITHDRAW PLEA OF GUILTY** |
| JOHN C. SHORES, | ) | |
| Defendant. | ) | |

The Defendant, John C. Shores, has moved the court under Rule 11(d) to withdraw his plea of guilty. Under Rule 11(d), a defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence if the defendant can show a fair and just reason for requesting the withdrawal.

Defendant Shores believes he is innocent of the charges in the superceding indictment. Shores did enter a plea of guilty to Count I of the superceding indictment on May 30, 2024. During preparation for sentencing, Shores contacted counsel and stated he wants to go to trial as he is innocent and to file motion to withdraw plea.

The test for determining the appropriateness for withdrawal of a plea is set forth in United States v. Boone, 869 F.2d 1089 (8th Cir.), cert denied, 493 U.S. 822, 110 S. Ct. 81, 107 L. Ed.2d 47 (1989). The factors to consider are:

(1) whether defendant established a fair and just reason to withdraw his plea;

(2) whether defendant asserts his legal innocence of the charge;

(3) the length of time between the guilty plea and the motion to withdraw; and

(4) if the defendant established a fair and just reason for withdrawal, whether the government will be prejudiced.

As to the first two prongs, the Defendant asserts his innocence, and believes that is a fair and just reason to withdraw his guilty plea.

Regarding the third prong, the defendant entered his plea of guilty on May 30, 2024. A presentence investigation was ordered and a copy was provided to Defendant and his counsel on or about July 11, 2024. In early August, 2024 via telephone call, Defendant instructed counsel to request a withdrawal of his plea of guilty.

The final prong, that being any prejudice to the government if the defendant establishes a fair and just reason for withdrawal, is not an issue. All of the evidence and witnesses disclosed in Rule 16 materials is still available to the government.

**CONCLUSION**

The defendant has moved to withdraw his plea of guilty. Shores has shown a fair and just reason to do so. Shores has asserted his legal innocence and the length of time from the plea to this motion is reasonable. The government will not be prejudiced as all witnesses and evidence is still available.

Dated this 20th day of August, 2024.

JOHN C. SHORES, Defendant

By: s/Glenn A. Shapiro #19126
SHAPIRO RIHA LAW LLP
1001 Farnam Street, Suite 300
Omaha, Nebraska 68102
(402) 341-0700
sgnomercy@yahoo.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Sean Lynch, Assistant United States Attorney.

s/Glenn A. Shapiro