IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:23CR174 |
| v. | |
| JOHN C. SHORES, JR., | ORDER ON INITIAL REVIEW |
| Defendant. | |

This matter is before the Court on defendant John C. Shores, Jr.'s ("Shores") *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 93). In the cover letter for his motion, both of which are dated August 15, 2025, Shores states that a Memorandum of Law in support of his motion "will be sent as soon as possible." To date, the Court has not received it.

In his motion, Shores raises two grounds for relief—both based on allegations of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Rankin v. Payne*, 141 F.4th 913, 927 (8th Cir. 2025). First, he alleges his pretrial counsel failed to (1) properly communicate the pros and cons of pleading guilty versus going to trial, (2) "[c]onduct an adequate and independent pretrial investigation," and (3) negotiate a favorable plea deal. Second, he contends his sentencing counsel failed to (1) review and explain his presentence investigation report ("PSR") before sentencing, (2) "[f]ile substantive objections to the PSR," (3) argue to mitigate his punishment, and (4) challenge his sentence as substantively unreasonable.

Shores asks the Court to "[v]acate his conviction and sentence to start anew." Alternatively, he requests "an [e]videntiary hearing to further prove his [ineffective-assistance claims], resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that he may be entitled."

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to initially review Shores's § 2255 motion. "If it plainly appears from [his] motion, any attached exhibits, and the record of prior proceedings that [he] is not entitled to relief, the [Court] must dismiss [his] motion and direct the clerk to notify" him of the dismissal. *Id.* If the Court does not dismiss, it must order the government to answer or otherwise respond. *See id.*; *accord* 28 U.S.C. § 2255(b).

The Court generally must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A hearing is unnecessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory." *Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000).

Having carefully reviewed Shores's motion, the Court finds summary dismissal of his ineffective-assistance claims is not warranted on this record. *See* 28 U.S.C. § 2255(b). Therefore, the Court will order the United States Attorney respond to Shores's motion. *See id.* But first, the Court will give Shores some additional time to submit his proposed Memorandum of Law. Accordingly,

    IT IS ORDERED:
1. Defendant John C. Shores, Jr. shall submit his proposed Memorandum of Law in support of his pending § 2255 motion on or before October 15, 2025.
2. The government will then have until November 14, 2025, to answer or otherwise respond to Shores's motion and any timely filed supporting materials.
3. The Court will decide whether an evidentiary hearing is necessary after fully reviewing the parties' respective submissions.

3

Dated this 17th day of September 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge