IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:23CR174 |
| v. | |
| JOHN C. SHORES, JR., | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the government's Restricted Motion (Filing No. 97) to Confirm Waiver of Attorney-Client Privilege as to Issues Raised in defendant John C. Shores, Jr.'s ("Shores") *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 93). According to the government, it needs Court confirmation of such a waiver to communicate with Shores's former counsel, Glenn Shapiro ("Shapiro"), "[i]n order to fully respond to the allegations."

In support of its motion, the government relies on *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009), in which the Eighth Circuit concluded a federal prisoner waived his attorney-client privilege by challenging the advice his counsel gave him. The government requests an order finding Shores has waived his attorney-client privilege as to those issues, noting Shores has alleged Shapiro was ineffective with respect to Shores's presentence investigation report and sentencing proceedings. It further asks the Court to permit Shapiro "to provide an affidavit and to communicate directly with the Government for purposes of addressing all pertinent information reasonably necessary to fairly respond to Shores's ineffective assistance of counsel accusations against him."

In its motion, the government certifies that it mailed Shores a copy on November 6, 2025, at his address of record within the Bureau of Prisons. To date, Shores has not filed any response to the motion or otherwise challenged the government's waiver allegations.

<hr />

*See Davis*, 583 F.3d at 1090 (analyzing the scope of the defendant's admitted waiver of his attorney-client privilege).

Having carefully considered the circumstances of this case and having heard no objection from Shores, the Court finds the government's motion should be granted. Although Shores "has a privilege to keep his conversations with his attorney confidential," he waived that privilege as to the specific matters raised in his § 2255 motion by (1) attacking Shapiro's "competence in giving legal advice," (2) putting that advice and their communications at issue in a legal proceeding, and (3) ascribing to Shapiro "a course of action . . . that raises the specter of ineffectiveness or incompetence." *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived.").

Based on the foregoing,

IT IS ORDERED:
1. The government's Restricted Motion (Filing No. 97) to Confirm Waiver of Attorney-Client Privilege as to Issues Raised in defendant John C. Shores, Jr.'s Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is granted.
2. Shores has waived his attorney-client privilege with respect to his claims of ineffective assistance of counsel.
3. Shores's former counsel, Glenn Shapiro, is allowed to provide an affidavit and directly communicate with the government as to those issues.
4. The government shall file a response to Shores's § 2255 motion on or before January 9, 2026.
5. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Shores at his address of record.

Dated this 9th day of December 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge