FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2026 JUL -7  AM 10: 56

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOHN C. SHORES, JR.,

Defendant.

8:23CR174

REPLY TO GOVERNMENT'S
RESPONSE TO MOTION UNDER
28 U.S.C § 2255 TO VACATE, SET
ASIDE, OR CORRECT SENTENCE

COMES NOW Defendant, John C. Shores, Jr. ("Mr. Shores"), appearing *pro se,* and respectfully submits this Reply to the Government's Brief in Opposition to Defendant's Motion under 28 U.S.C. § 2255. For the reasons set forth below, the Government's response fails to conclusively refute Shores's claims of ineffective assistance of counsel, and the motion and record demonstrate that an evidentiary hearing is required pursuant to 28 U.S.C. § 2255(b).

## I. INTRODUCTION

The Government's response repeatedly attempts to reduce Shores's constitutional claims to a simple disagreement with his guilty plea and sentencing outcome. That framing materially mischaracterizes the issues presented in the § 2255 motion. Shores's claims are not limited to assertions of innocence or dissatisfaction with the result of the proceedings. Rather, Shores alleges that counsel failed to conduct a constitutionally adequate investigation, failed to properly advise him regarding the evidence and consequences of pleading guilty, failed to meaningfully challenge the Government's assertions, failed to adequately explain the Presentence Investigation Report ("PSR"), and pressured Shores into entering a plea agreement without sufficient investigation or informed

consideration of available defenses. See Def. Mot. at 4–24.[1]

The Government's response largely relies upon selective excerpts from the plea colloquy and factual basis while ignoring the central issue presented under *Strickland v. Washington*, 466 U.S. 668 (1984), *Hill v. Lockhart*, 474 U.S. 52 (1985), *Missouri v. Frye*, 566 U.S. 134 (2012), *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Lee v. United States*, 582 U.S. 357 (2017): whether counsel rendered constitutionally effective assistance before advising Shores to waive trial and plead guilty. Gov. Resp. at 5–10.

The Government improperly treats Shores's plea colloquy responses as automatically dispositive while disregarding Supreme Court precedent recognizing that constitutionally deficient advice occurring outside the courtroom may undermine the voluntariness and intelligence of a guilty plea itself. See *Lee*, 582 U.S. at 369–70; *Hill*, 474 U.S. at 56–59.

The Government's response likewise ignores that many of Shores's allegations involve off-the-record communications, failures to investigate, failures to explain evidence, and disputed attorney-client communications that cannot properly be resolved without an evidentiary hearing. Def. Mot. at 7–24.

The constitutional concerns raised in Shores's § 2255 motion are particularly significant because the plea process itself depended almost entirely upon counsel's advice and explanation of the Government's evidence, sentencing exposure, available defenses, and litigation strategy. As a layperson facing serious federal charges involving complex electronic evidence and substantial sentencing consequences, Shores necessarily relied upon counsel to meaningfully investigate the

---

[1] References to Shores's Motion under 28 U.S.C. § 2255 and supporting Memorandum of Law, Docs. 93 and 95, will be cited herein as "Def. Mot. at ___." References to the Government's Brief in Opposition, Doc. 111, will be cited herein as "Gov. Resp. at ___."

2

Government's allegations and provide constitutionally adequate advice before waiving his fundamental right to trial. See Def. Mot. at 7–24. Shores alleges that counsel failed to fulfill those obligations and instead pressured him into accepting a plea agreement without adequate investigation, adequate communication, or adequate explanation of critical issues bearing directly upon the plea decision itself. *Id.* Those allegations, if proven, directly implicate the constitutional reliability and voluntariness of the plea proceedings.

This case therefore does not present a situation where a defendant merely regrets a strategic decision after sentencing. Rather, Shores alleges that the plea process itself was constitutionally unreliable because counsel failed to provide the level of investigation, communication, and informed legal advice required before a defendant may knowingly waive the fundamental right to trial. The Government's response largely avoids that constitutional question and instead attempts to treat the plea colloquy as conclusively dispositive despite substantial allegations concerning off-the-record attorney conduct that preceded the plea itself.

## II. GOVERNING LEGAL PRINCIPLES

To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate both deficient performance and resulting prejudice. See *Strickland*, 466 U.S. at 687. In the guilty-plea context, prejudice exists where there is a reasonable probability that, but for counsel's deficient advice or conduct, the defendant would not have pled guilty and would have insisted upon proceeding to trial. See *Hill*, 474 U.S. at 59.

The Supreme Court has repeatedly recognized that the Sixth Amendment right to effective assistance extends directly to plea negotiations and plea advice. See *Frye*, 566 U.S. at 140–44; *Lafler*, 566 U.S. at 162–63. The constitutional validity of a guilty plea depends upon whether

3

counsel's advice permitted the defendant to make an informed and intelligent decision regarding the waiver of trial rights. See *Padilla v. Kentucky*, 559 U.S. 356, 364–66 (2010).

Importantly, plea colloquy answers do not automatically foreclose ineffective-assistance claims where a defendant alleges constitutionally deficient advice, misinformation, coercive pressure, or failures to investigate occurring outside the courtroom. See *Lee*, 582 U.S. at 369–70; *Blackledge v. Allison*, 431 U.S. 63, 74–76 (1977).

Further, under 28 U.S.C. § 2255(b), an evidentiary hearing is required unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The Eighth Circuit has repeatedly recognized that evidentiary hearings are ordinarily required where a § 2255 motion presents disputed factual issues concerning attorney advice, plea voluntariness, credibility determinations, or off-the-record communications. See *Watson v. United States*, 493 F.3d 960, 963–64 (8th Cir. 2007); *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998); *Sellner v. United States*, 773 F.3d 927, 929–30 (8th Cir. 2014).

Because Shores is proceeding *pro se*, his pleadings must be liberally construed. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The Eighth Circuit likewise recognizes that pro se habeas pleadings should be interpreted with appropriate leniency and should not be dismissed based upon overly technical construction. See *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Accordingly, the Court should evaluate Shores's allegations based upon their substance rather than requiring technical pleading precision from a pro se litigant challenging the constitutional validity of his conviction and guilty plea.

4

## III. ARGUMENT

### A.    The Government Improperly Treats the Plea Colloquy as Dispositive of Shores's Sixth Amendment Claims.

The Government's response repeatedly argues that Shores's claims are conclusively refuted by statements made during the plea colloquy and by the factual basis contained within the plea agreement. See Gov. Resp. at 5–10. That argument materially oversimplifies the constitutional inquiry governing ineffective-assistance claims arising from guilty pleas.

The issue before the Court is not merely whether Shores answered "yes" to questions during the plea hearing. Rather, the issue is whether counsel rendered constitutionally effective assistance before Shores waived his constitutional right to trial and entered the plea agreement.

Likewise, the fact that the plea agreement may have reduced Shores's sentencing exposure does not itself establish that counsel rendered constitutionally adequate advice, investigation, and consultation before recommending acceptance of the agreement.

The Supreme Court has repeatedly recognized that constitutionally deficient legal advice occurring outside the courtroom may undermine the reliability and voluntariness of a guilty plea notwithstanding formal plea colloquy responses. See *Lee*, 582 U.S. at 369–70; *Hill*, 474 U.S. at 56–59; *Padilla*, 559 U.S. at 369–71.

Shores specifically alleges that counsel failed to adequately investigate the Government's evidence, failed to meaningfully explain available defenses, failed to properly communicate the consequences of pleading guilty, failed to adequately explain sentencing consequences, and pressured Shores into accepting the Rule 11(c)(1)(C) plea agreement without sufficient investigation or preparation. See Def. Mot. at 7–20. Those allegations involve off-the-record attorney conduct that

5

is not conclusively resolved by generalized plea colloquy responses.

The Government's reliance upon plea colloquy statements is therefore misplaced to the extent it suggests that such statements automatically bar all ineffective-assistance claims as a matter of law.

While plea colloquies serve an important function in ensuring the voluntariness of guilty pleas, the Supreme Court has repeatedly cautioned that formal in-court responses cannot automatically defeat detailed allegations of constitutionally deficient attorney performance occurring outside the courtroom. See *Blackledge*, 431 U.S. at 74–76. The Government's position effectively treats Shores's plea colloquy answers as irrebuttable proof that counsel rendered constitutionally effective assistance. But the Supreme Court has expressly rejected such an approach where a defendant alleges that counsel's misinformation, failures to investigate, or coercive advice materially affected the plea decision itself. See *Lee*, 582 U.S. at 369–70. The relevant constitutional inquiry therefore extends beyond the plea colloquy and requires examination of whether counsel's representation before the plea hearing permitted Shores to make a genuinely informed and intelligent decision regarding waiver of his trial rights.

## B.   The Government Mischaracterizes Shores's Failure-to-investigate Claims.

The Government repeatedly characterizes Shores's allegations as "speculative." Gov. Resp. at 7–8. But Shores's claims are not speculative merely because counsel failed to perform the very investigation that would have allowed factual development of potential defenses and mitigation evidence.

To hold otherwise would improperly permit counsel's alleged failure to investigate to become the very reason a defendant is unable to fully identify what constitutionally adequate investigation would have revealed.

6

Shores alleges that counsel failed to adequately investigate the electronic evidence, failed to investigate the context and nature of the online communications, failed to meaningfully test the Government's assertions concerning intent, and failed to independently examine potentially mitigating or exculpatory evidence before advising Shores to plead guilty. See Def. Mot. at 10–16.

The Government improperly attempts to collapse the existence of a factual basis into proof that counsel rendered constitutionally effective assistance. Those are separate questions. The fact that Shores ultimately entered a plea agreement does not establish that counsel adequately investigated the case before recommending that course of action.

Indeed, the Supreme Court has recognized that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." See *Strickland*, 466 U.S. at 691. The Eighth Circuit likewise recognizes that constitutionally deficient investigation may undermine the validity of a plea where counsel fails to adequately investigate defenses or evidence before advising the defendant to plead guilty. See *United States v. Davis*, 508 F.3d 461, 463–65 (8th Cir. 2007).

The Government's response does not conclusively refute Shores's allegations regarding counsel's investigation efforts, the extent of counsel's review of electronic evidence, or the adequacy of counsel's preparation before advising Shores to waive trial and plead guilty. See Def. Mot. at 10–16.

This deficiency is particularly important in a case involving electronic communications, online interactions, and disputed questions concerning intent and context. Shores consistently alleges that counsel failed to meaningfully investigate the nature of the communications at issue, failed to adequately evaluate potentially mitigating contextual evidence, failed to challenge aspects of the

Government's characterization of the electronic evidence, and failed to meaningfully explore potential defenses before recommending that Shores accept the plea agreement. See Def. Mot. at 10–16. The Government largely responds by pointing to the factual basis supporting the plea agreement, but that argument improperly assumes the very issue in dispute—namely, whether counsel conducted a constitutionally adequate investigation before advising Shores to waive trial. A factual basis supporting a plea agreement does not retroactively establish that counsel fulfilled the independent constitutional duty to reasonably investigate the case before recommending a guilty plea.

The prejudice resulting from inadequate investigation is especially significant in the plea context because a defendant's decision whether to proceed to trial necessarily depends upon counsel's evaluation and explanation of the evidence. Where counsel allegedly fails to adequately investigate the underlying facts, electronic evidence, contextual circumstances, or potentially mitigating information before recommending a guilty plea, the defendant is deprived of the ability to make a fully informed strategic decision regarding whether to accept the plea agreement or proceed to trial. Shores specifically alleges that additional investigation and meaningful consultation regarding the electronic evidence and surrounding circumstances would have materially affected his decision-making process. See Def. Mot. at 10–16.

C.   **The Government Fails to Conclusively Refute Shores's Claims Regarding Counsel's Advice and Communication.**

A substantial portion of Shores's § 2255 motion concerns off-the-record attorney-client communications regarding: (1) sentencing exposure; (2) plea consequences; (3) available defenses; (4) investigation decisions; (5) the strength of the Government's evidence; (6) the PSR; and (7)

Shores's understanding of the plea agreement. See Def. Mot. at 7–24.

Those issues necessarily involve credibility determinations and disputed factual allegations.

The Government repeatedly relies upon counsel's own statements defending his performance. See Gov. Resp. at 6–10. But reliance upon counsel's competing version of events merely underscores the existence of factual disputes requiring factual development. Credibility disputes involving attorney-client communications generally cannot properly be resolved solely on the paper record. See *Watson*, 493 F.3d at 964.

Moreover, Shores consistently alleges that counsel's communication failures and pressure tactics materially affected his ability to make an informed and voluntary plea decision. See Def. Mot. at 7–20. Under *Hill*, *Lafler*, *Frye*, and *Lee*, those allegations implicate the constitutional reliability of the plea proceedings themselves.

The significance of these communication failures cannot be understated in the context of federal plea negotiations involving substantial sentencing exposure. A defendant confronting complex federal charges depends heavily upon counsel's explanation of the evidence, sentencing risks, potential defenses, and strategic options. Shores alleges that counsel failed to adequately communicate critical information necessary to permit an informed plea decision and instead pressured him toward acceptance of the Rule 11(c)(1)(C) agreement without adequate investigation or meaningful consultation. See Def. Mot. at 7–20. Those allegations present classic credibility and factual disputes that cannot properly be resolved solely through selective excerpts from the plea colloquy or counsel's competing affidavit.

Indeed, the Government's reliance upon counsel's competing account of attorney-client communications further demonstrates why summary dismissal is inappropriate. Shores directly

9

disputes counsel's characterization of the advice provided, the extent of counsel's investigation, the nature of plea discussions, and the adequacy of counsel's explanation of the evidence and sentencing consequences. Those competing factual assertions create credibility disputes that ordinarily cannot properly be resolved without evidentiary development and live testimony. See *Watson*, 493 F.3d at 964.

### D. The Government's Response Improperly Isolates Each Claim Instead of Considering Counsel's Performance Cumulatively.

The Government attempts to analyze each allegation in isolation while ignoring the cumulative impact of counsel's alleged failures. Shores's claims collectively involve: (1) inadequate investigation; (2) inadequate explanation of evidence; (3) inadequate explanation of sentencing exposure; (4) pressure to plead guilty; (5) failure to adequately review the PSR; (6) failure to meaningfully challenge sentencing issues; and (7) failure to adequately pursue mitigation. See Def. Mot. at 7–24.

The Government's piecemeal analysis improperly isolates each allegation while ignoring the cumulative constitutional effect of counsel's alleged failures upon Shores's ability to make a knowing and intelligent plea decision. Shores does not allege merely a single isolated mistake. Rather, the § 2255 motion alleges a pattern of deficient representation involving failures to investigate, failures to adequately explain the Government's evidence, failures to adequately communicate sentencing exposure and plea consequences, failures to meaningfully review the PSR, failures to pursue potentially mitigating or exculpatory information, and pressure to accept the plea agreement without adequate preparation or consultation. See Def. Mot. at 7–24.

10

Under *Strickland*, prejudice analysis requires consideration of counsel's performance as a whole rather than artificially compartmentalizing each alleged deficiency. The Government's response fails to meaningfully confront the cumulative constitutional impact of the alleged deficiencies.

## IV. AN EVIDENTIARY HEARING IS REQUIRED.

The Government repeatedly asserts that Shores's claims are conclusively refuted by the existing record. Gov. Resp. at 5–10. They are not. Many of Shores's allegations concern: (1) off-the-record attorney advice; (2) disputed attorney-client communications; (3) investigation decisions; (4) plea pressure; (5) failures to explain evidence and sentencing consequences; and (6) credibility disputes between Shores and counsel. See Def. Mot. at 7–24.

Those issues cannot properly be resolved solely by reference to selected plea colloquy excerpts.

The Government's response effectively asks the Court to resolve disputed factual issues and credibility determinations solely on the paper record. But Shores's allegations concern matters that occurred primarily outside the courtroom, including attorney-client communications, investigation decisions, plea advice, and alleged pressure surrounding the plea process itself. Those allegations are not conclusively resolved merely because Shores later participated in a plea colloquy. See *Blackledge*, 431 U.S. at 74–76. Indeed, the Government's reliance upon counsel's competing characterization of events only further demonstrates the existence of factual disputes requiring evidentiary development. Under § 2255(b), such disputes ordinarily require a hearing unless the record conclusively establishes that the movant is entitled to no relief.

11

Under § 2255(b), an evidentiary hearing is required unless the motion and record conclusively demonstrate that Shores is entitled to no relief. The present record does not conclusively resolve the disputed factual issues presented here.

Resolution of Shores's claims necessarily depends upon factual determinations regarding what advice counsel provided, what investigation counsel performed, what information was communicated to Shores before the plea, and whether counsel's alleged failures materially affected Shores's decision to plead guilty. Those issues cannot properly be resolved solely through competing written submissions because they require credibility determinations concerning disputed attorney-client communications and disputed off-the-record events. The Court cannot simply accept counsel's version of those events while rejecting Shores's allegations without first permitting factual development through an evidentiary hearing.

Shores has alleged sufficiently detailed facts to warrant factual development through an evidentiary hearing.

## V. CONCLUSION

The present record does not conclusively establish that Shores is entitled to no relief. To the contrary, the motion and response reveal substantial disputes concerning counsel's investigation, attorney-client communications, plea advice, sentencing explanations, and the circumstances surrounding Shores's decision to plead guilty. Because resolution of those issues necessarily depends upon factual development and credibility determinations, summary dismissal would be improper under § 2255(b).

The present record reveals substantial factual disputes concerning counsel's investigation, attorney-client communications, plea advice, and the circumstances surrounding Shores's decision

12

to plead guilty—disputes that cannot properly be resolved without evidentiary development and credibility determinations.

WHEREFORE, Defendant John C. Shores, Jr. respectfully requests that this Court reject the Government's request for summary denial, grant an evidentiary hearing pursuant to 28 U.S.C. § 2255(b), and thereafter grant such additional relief as justice requires.

Respectfully submitted,

Dated: June ___, 2026

JOHN C. SHORES, JR.
REG. NO. 72624-510
FCI THOMSON
FEDERAL CORR. INSTITUTION
PO BOX 1002
THOMSON, IL 61285

## VI. CERTIFICATE OF SERVICE

I hereby certify that on June ___, 2026, a true and correct copy of the above and foregoing Reply to Government's Response to Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence was sent via First Class Mail, postage prepaid, to Sean P. Lynch, Assistant U.S. Attorney at U. S. Attorneys Office, 1620 Dodge Street, Ste. 1400, Omaha, Nebraska 68102.

JOHN C. SHORES, JR.

13

JOHN C. SHORES, JR.
REG. NO. 72624-510
FCI THOMSON
FEDERAL CORR. INSTITUTION
PO BOX 1002
THOMSON, IL 61285

June 26, 2026

Ms. Denise Lucks
Clerk of Court
U. S. District Court
District of Nebraska
Omaha Division
111 South 18th Plaza, Suite 1152
Omaha, NE 68102

      RE:   *Shores v. United States*
             Civil No. 8:25-cv-00517-RFR
             Crim No. 8:23-cr-00174-RFR-MDN-1

Dear Ms. Lucks:

    Enclosed please find and accept for filing Movant's Reply to Government's Response in Opposition to Motion under 28 U.S.C. § 2255. Please submit this document to the Court.

    Thank you for your assistance in this matter.

                        Sincerely,

                        JOHN C. SHORES, JR.
                        Appearing *Pro Se*

*Encl. as noted*

**RECEIVED**

JUL - 7 2026

CLERK
U.S. DISTRICT COURT



**PRESS FIRMLY TO**

# UNITED STATES POSTAL SERVICE®

## PRIORITY MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international desti
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the
Domestic Mail Manual at *http://pe.usps.com*.

** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package
scan the QR code



USPS.COM/PICK

## TRACKED ■ INSURED



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2


**PAPER POUCH**

This package is made from post-consumer waste. **Please recycle - again.**

---

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.



# UNITED STATES POSTAL SERVICE®

## Click-N-Ship®

**P**

usps.com
$9.57
US POSTAGE

06/30/2026
0 lb 3 oz

9405 5301 0935 5399 3941 69 0095 7000 0206 8102

**U.S. POSTAGE PAID**
Click-N-Ship®

Mailed from 61285   160323706852035

### PRIORITY MAIL®

REG. NO. 72624-510, FCI THOMSON, FEDERAL CORR.
JOHN SHORES
PO BOX 1002
THOMSON IL 61285-1002

Created 2026-06-30
Flat Rate Envelope

RECEIVED RDC 03

JUL - 7 2026   **C016**

CLERK
U.S. DISTRICT COURT

CLERK OF COURT, DISTRICT OF NEBRASKA
DENISE LUCKS
111 S 18TH PLZ STE 1152
OMAHA NE 68102-1322

### USPS TRACKING #

9405 5301 0935 5399 3941 69

