UNITED STATED DISTRICT COURT
IN THE DISTRICT OF NEBRASKA, 8th Circuit
US District Court NE
Denise Lucks-Clerk of the Court
111 S. 18th Plz, Suite 1152
Omaha, NE 68102

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2026 JUL 21 AM 10:43
OFFICE OF THE CLERK

UNITED STATES OF AMERICA
Plaintiff
vs
John C. Shores, Jr
Defendant

Case Number: 8:23-cr-00174-RFR-MDN

MOTION TO COMPEL DEFENSE COUNSEL TO SURRENDER THE CASE FILE IN THE ABOVE STYLED ACTION TO THE DEFENDANT OF THIS CASE.

COMES NOW the defendant, John C. Shores in Pro Se, in necessity and hereby MOVES this Honorable court to ISSUE an ORDER, compelling Defense counsel of record, Glen Shapiro, to surrender the Case/work file he created in representing the defendant. The defendant hereby avers that the portions of the Case/Work file that he has been denied by Defense Counsel of record, include but not limited to:

RECEIVED
JUL 21 2026
CLERK
U.S. DISTRICT COURT

1. Transcripts he reviewed for appeal advice.
2. All discovery available by standing court order.
3. All court filings, motions, responses and orders.
4. All other notes, letters, correspondence, plea agreements, emails and/or any other tangible things associated with the case.

The Defendant hereby avers that he filed a motion to vacate, set aside, or correct a sentence pursuant to 28 USC & 2255. For such motion to be timely, the defendant must file within one year of his Criminal conviction becoming final or from other events according to stature. the records that the defendant seeks are necessary for preparations of such pleadings and are the defendants property. In support, the Defendants show the *court the following:*

1. The defendant has made attempts to call and/or has made written requests to Defense counsel of record in hopes that he would act professionally and responsibility by turning over the case/work file of the defendant to him.

2. To date, defense counsel or record has failed to surrender defendants entire case/work file to the defendant, the defendant asserts that. Based on the fact that counsel is clearly aware that the defendant seeks these records to pursue post-conviction relief. Counsel is attempting to frustrate these efforts to prepare a meritorious 2255 motion attacking counsels ineffectiveness during all crucial points of the proceedings.

3. The defendant seeks the active protection of this court through a Court order directing Defense counsel of record to surrender the case/work file to the defendant.

4. The court may order the defense counsel of record to surrender the defendants case/work file. First it is clear that the defendant is entitled to the case file. Second, both law and the American BAR association recognize that counsel has a duty not to obstruct the defendants attempts to challenge his conviction and/or sentence. See ABA Standards for criminal justice, defense functions standards and commentary. United States v. Dorman, 58 M.J. 295 (CAAF 2003), Hiatt v Clark, Ky. No. 2005-SC-455-MR (6/15/06) See also Maxwell v Florida, 479 US 972,93 L Ed. 2d 418-420, 107 S Ct. 474 (1986). Spivey v. Zant, 683 F. 2d 881, 885 (5th Cir. 1982) Habeus corpus petitioner is entitled to former trial attorneys file and the work product doctrine does not apply to situations in which the client seeks access to documents of other tangible things created during the course of attorneys representation.

5. Finally, its clear to Defense counsel that the Defendant is diligently seeking to obtain his case/work file and other tangible things. Counsel recognizes that the defendant has a right to his case/work file and seems to be attempting to stall the defendant until his statutory limitation has expired. Defense counsels initial attempt to deliver these documents was thwarted by him not following Defendants VERY SPECIFIC INSTRCUTIONS to include his full name as an attorney at law, and proper legal mail markings so that FCI Thomson staff will deliver these materials to him. FCI Thomson routinely disregards legal mail rules and returns mail from this honorable court as well as many other legal items or delivers it 10+ weeks after it is delivered or rejects it if it is over 5 pages. Defense counsel MUST FOLLOW the provided instructions to please FCI Thomson or the material will never get delivered. Any admonishment from the court to FCI Thomson that its correspondence qualifies as legal mail is certainly welcomed to avoid this continuing problem.

WHEREFORE NOW, above premises considered, the defendant hereby moves this honorable court to issue an order compelling defense counsel of record to surrender the complete case/work file to the defendant as pertains to the defendants criminal case.

Done this day July 15th, 2026,
Respectfully submitted,

John C. Shores Jr.
72624-510

John C. Shores Jr.
72624-510
FCI Thomson
Federal Correctional Institution
P.O. Box 1002
Thomson, IL 61285

OKLAHOMA CITY OK 730
18 JUL 2026 PM 5 L

FOREVER USA

RECEIVED
JUL 21 2026
CLERK
U.S. DISTRICT COURT

United States District Court
District of Nebraska, 8th circuit
Denise Lucks- Clerk of the Court
111 S. 18th Plz; Suite 1152
Omaha, NE 68102

68102-132277