IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOHN C. SHORES, JR.,<br>Defendant. | **8:23CR174**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant John C. Shores, Jr.'s ("Shores") *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 93). The government opposes Shores's motion (Filing No. 111). For the reasons stated below, Shores's motion is denied without an evidentiary hearing. *See*, *e.g.*, *Love v. United States*, 949 F.3d 406, 411 (8th Cir. 2020).

## I. BACKGROUND

On November 14, 2023, a federal grand jury charged Shores in a seven-count Superseding Indictment (Filing No. 48) with three counts of attempted sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), (e); three counts of attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b); and one count of receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1). At his arraignment, Shores pleaded not guilty. He was represented by retained counsel Glenn A. Shapiro ("Shapiro").

About six months later, Shores changed his plea (Filing No. 66) and pleaded guilty to one count of attempted sexual exploitation of a minor pursuant to a written plea agreement (Filing No. 69) with the government. *See* Fed. R. Crim. P. 11(c)(1)(C). That charge carried a statutory mandatory minimum sentence of 15 years in prison and a statutory maximum of 30 years. Shores and the government agreed that he would receive a sentence between 180 and 240 months in prison. *See id.* (permitting the parties to "agree

that a specific sentence or sentencing range is the appropriate disposition of the case," which becomes binding if "the court accepts the plea agreement"). In exchange for Shores's guilty plea, the government agreed to move to dismiss the remaining charges against him—all of which likewise carried substantial prison sentences.

Before accepting Shores's guilty plea, the Court engaged him in an extensive plea colloquy at a hearing to ensure not only that he understood what constitutional rights he was giving up but also that he was willingly, knowingly, and voluntarily pleading guilty. At the hearing, Shores confirmed that he did not "have any complaints about Mr. Shapiro or his legal representation." Shores and Shapiro conferred multiple times during the hearing to address Shores's concerns.

On August 20, 2024, Shores, through counsel, moved to withdraw his guilty plea pursuant to Rule 11(d) (Filing No. 78). Shores argued that he was "innocent of the charges in the superceding indictment" and wanted "to go to trial." According to Shapiro, Shores specifically took issue with the government's version of the offense in Shores's presentence investigation report ("PSR") and felt like "he lacked an understanding of the consequences of accepting the plea." He reportedly believed the Court could suspend his sentence or give a sentence well below the terms of the plea agreement. Finally, Shores advised the Court that he felt like the government intimidated him and his family during the plea-negotiation process by issuing subpoenas for trial.

The Court denied the motion a few days later at the beginning of Shores's sentencing hearing, finding no "fair and just reason" to allow him to withdraw his plea. Fed. R. Civ. P. 11(d)(2). In doing so, the Court reiterated that Shores's extensive plea colloquy thoroughly addressed each of the grounds he raised. The Court found Shores's claims of ignorance about the terms of his plea agreement incredible.

After denying the motion to withdraw, the Court accepted the parties' plea agreement and sentenced Shores to 240 months in prison, followed by 20 years of

supervised release (Filing No. 87). On the government's motion, the Court dismissed the other charges against Shores. Judgment was entered August 26, 2024 (Filing No. 91). By pleading guilty, Shores avoided the possibility of a life sentence on each of the three attempted enticement charges.

On August 25, 2025, Shores moved to vacate his sentence under § 2255, primarily arguing Shapiro was ineffective during plea negotiations and at sentencing. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting the bar for ineffective-assistance-of-counsel claims). With respect to pretrial matters and plea negotiations, Shores contends Shapiro failed to (1) properly communicate the pros and cons of pleading guilty versus going to trial, (2) "[c]onduct an adequate and independent pretrial investigation," and (3) negotiate a favorable plea deal. As to sentencing, Shores asserts Shapiro failed to (1) review and explain his PSR before sentencing, (2) "[f]ile substantive objections to the PSR," (3) argue to mitigate his punishment, and (4) challenge his sentence as substantively unreasonable.

In line with his presentencing motion to withdraw his guilty plea, Shores asks the Court to "[v]acate his conviction and sentence to start anew."

## II. DISCUSSION

### A. No Ineffective Assistance

Section 2255(a) authorizes federal prisoners like Shores to challenge a sentence "imposed in violation of the Constitution or laws of the United States." *Accord Sorensen v. United States*, 138 F.4th 1096, 1098 (8th Cir. 2025). That includes claims of ineffective assistance of counsel. *See* U.S. Const. amend. VI; *Garza v. Idaho*, 586 U.S. 232, 237 (2019); *Hudson v. United States*, 139 F.4th 1011, 1014 (8th Cir. 2025).

Section 2255(b) generally requires the Court to hold an evidentiary hearing before deciding a § 2255 motion. But a hearing is unnecessary where—as here—the prisoner's "motion and the files and records of the case conclusively show that [he] is entitled to no relief." *Id.*; *accord Hudson*, 139 F.4th at 1014 ("Conclusory allegations . . . without factual

support do not justify an evidentiary hearing."); *Feather v. United States*, 18 F.4th 982, 989 (8th Cir. 2021) ("[N]o hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." (quoting *New v. United States*, 652 F.3d 949, 954 (8th Cir. 2011))).

In collaterally attacking his sentence, Shores "bears the burden" of establishing each of his claims. *Robinett v. United States*, 886 F.3d 689, 691 (8th Cir. 2018). Under *Strickland*, his burden is a heavy one. *See Love*, 949 F.3d at 410; *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

To demonstrate that Shapiro provided ineffective assistance, Shores must show that his performance was both deficient and prejudicial to his defense. *See Strickland*, 466 U.S. at 687-88; *Dressen v. United States*, 28 F.4th 924, 928 (8th Cir. 2022). In other words, he must show that Shapiro's "representation fell below an objective standard of reasonableness" and created "a reasonable probability that, but for [his] unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694; *accord Lee v. United States*, 582 U.S. 357, 363 (2017). When a defendant "challenges the validity of his guilty plea, [he] must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *cf. Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000) (discussing deficiencies that lead "to the forfeiture of a proceeding itself").

The Court's review of Shapiro's performance is highly deferential. *See Strickland*, 466 U.S. at 689. It must indulge "a strong presumption that [his] conduct falls within the wide range of reasonable professional judgment," *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006), and must try "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time," *Strickland*, 466 U.S. at 689. Shapiro's performance is not deficient unless he "made errors so serious that [he] was not functioning

as the 'counsel' guaranteed the defendant by the Sixth Amendment." *See id.* at 687; *Collins v. United States*, 28 F.4th 903, 906 (8th Cir. 2022).

Shores has shown neither defect nor prejudice. Looking first at pretrial matters, Shores contends Shapiro failed to communicate with him and to inform him of the consequences of pleading guilty. Yet he admits that Shapiro met with him six times for an hour or two each time to discuss the charges against him, matters of discovery, and the risk of a life sentence given the substantial evidence against Shores. Shores has also submitted multiple letters he received from Shapiro that indicate thorough discussions of Shores's expectations and the ongoing plea negotiations. A defendant that has been offered a plea agreement "has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). Shores got that here.

Shores complains that Shapiro told him and his family "that by accepting the plea, Shores would face only 15-20 years in prison on three counts, whereas going to trial and losing would result in a life sentence."[1] What Shores describes as "a coercive false division that left [him] without an informed or voluntary choice" is actually further evidence that Shapiro provided reasonably sound advice about the relative risks and benefits of a pleading guilty to one charge or going to trial on all seven.

Shores vaguely asserts that "Shapiro misrepresented both the charges and potential consequences to coerce Shores into pleading guilty," but he does not—and cannot—deny that the three counts of attempted enticement of a minor—all carried the potential of a life sentence. Shores also faults Shapiro for not negotiating a favorable plea agreement. But the undisputed evidence shows that is exactly what Shapiro endeavored to do—ultimately reducing the charges against Shores from seven to one, negotiating a binding sentencing range below the statutory maximum, and taking the risk of life sentence off the table. "[I]t

---

[1]Under the plea agreement, Shores only pleaded guilty to one count of attempted sexual exploitation of a minor and faced an agreed sentencing range of 15 to 20 years.

is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." *Harrington v. Richter*, 562 U.S. 86, 111 (2011).

Shores's current complaints about Shapiro's performance, including his allegations of an insufficient investigation and bad legal advice about the plea agreement, stand in stark contrast to his answers at his plea colloquy. *See Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) ("While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977))). Then, he had no issue with Shapiro or his representation. He advised the Court that he had discussed his case with Shapiro "at length," including the United States Sentencing Guidelines and their potential impact on his case. He read and understood his plea agreement, talked with "Shapiro in detail about" it, and had all his questions answered. *See United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005). Rather than demand further investigation into the ages of the young girls he communicated with online, he admitted he was "ashamed and embarrassed at [his] actions."

Shores's *post hoc* allegations of deficiency differ not only from what he testified at the change-of-plea hearing, but also what the Court observed. *See Lee*, 582 U.S. at 369 (advising courts not to "upset a plea solely because of *post hoc* assertions from a defendant" but to "instead look to contemporaneous evidence to substantiate" the defendant's preferences). Shores conferred with Shapiro multiple times during the hearing to ensure he understood his plea agreement and the factual basis for his guilty plea. *See id.* And the Court's colloquy fully advised Shores of the rights he was giving up and the penalties he faced—information that was likewise set forth in his signed plea petition and plea agreement. *See Premachandra v. United States*, 101 F.3d 68, 69 (8th Cir. 1996) (rejecting an ineffective-assistance claim based on the defendant's extensive plea colloquy).

Even assuming Shapiro gave some inaccurate information or left enough stones unturned to fall "below an objective standard of reasonableness," Shores still has not shown prejudice. *Strickland*, 466 U.S. at 688, 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."); *see also Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (explaining that the focus of *Strickland*'s prejudice prong is reliability and fundamental fairness). Though he claims Shapiro relied on fabricated evidence from the government in recommending a guilty plea, Shores does not provide any evidence to support that assertion. *See Premachandra*, 101 F.3d at 69. Instead, he merely "asserts that no actual identified minor victims existed" without any proof.

At any rate, Shores has not shown "that there is a reasonable probability that, but for [Shapiro's] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. A guilty plea "is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." *Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) (alteration in original) (quoting *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)).

Shores's allegations of ineffective assistance based on Shapiro's performance at sentencing also miss their mark. As the government points out, his allegations of deficiency are repeatedly at odds with the record. *See Allen v. United States*, 854 F.3d 428, 433 (8th Cir. 2017) (rejecting claims that ran "contrary to the record"). Shores effectively asks the Court to ignore the factual basis for his guilty plea, his attempt to withdraw that plea, and the undisputed evidence from his sentencing hearing that demonstrates that Shapiro explained Shores's PSR to him and specifically argued that his individual circumstances warranted a lower sentence. Shapiro was under no obligation to raise meritless objections or arguments at sentencing. *See O'Neil v. United States*, 966 F.3d 764, 769 (8th Cir. 2020) (finding no deficiency where "any objection would have been meritless"); *Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014) ("Counsel is not ineffective for failing to pursue [an argument] that he reasonably believes would be

futile."); *Thai v. Mapes*, 412 F.3d 970, 979 (8th Cir. 2005) ("Because the [defendant's proposed] argument was factually meritless, his counsel was not ineffective for failing to make [it], and his counsel's trial strategy cannot be challenged on the basis of a meritless claim.").

As for any purported prejudice, the Court rejects Shores's assertion that "the cumulative failures of counsel and total lack of preparation for sentencing prejudiced the outcome of sentencing and warrant vacatur of the sentence imposed." The Eighth Circuit has consistently held that *Strickland* does not require a "cumulative performance inquiry." *Forrest v. Steele*, 764 F.3d 848, 860 (8th Cir. 2014) (refusing "to bundle the individual claims of attorney error and determine whether the body of these alleged faults, en masse, overcome *Strickland*'s presumption of reasonableness"); *see also Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006) (reiterating that "a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test" (quoting *Hall v. Luebbers*, 296 F.3d 685, 692 (8th Cir. 2002))); *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996) ("Errors that are not unconstitutional individually cannot be added together to create a constitutional violation. Neither cumulative effect of trial errors nor cumulative effect of attorney errors are grounds for habeas relief.").

And Shores's general allegations that a different step here or there might have led to a substantially lower sentence do not suffice. *See Donelson v. Steele*, 16 F.4th 559, 570 (8th Cir. 2021) ("The likelihood of a different outcome, however, 'must be substantial, not just conceivable.'" (quoting *Harrington*, 562 U.S. at 112)); *Ford v. United States*, 917 F.3d 1015, 1021 (8th Cir. 2019) ("It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." (quoting *Strickland*, 466 U.S. at 693).

Having failed to cast any doubt about the outcome of his case, Shores's § 2255 motion must be denied. *See Strickland*, 466 U.S. at 694 (clarifying that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome").

**B. No Certificate of Appealability**

Before he can appeal the denial of his ineffective-assistance claims, Shores must obtain "a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B); *accord* Fed. R. App. P. 22(b)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This Court will not issue one unless Shores makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do that, he must "demonstrate that reasonable jurists would find the [Court's] assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because has not made that showing, no certificate will issue.

Based on the foregoing,

IT IS ORDERED:

1. Defendant John C. Shores, Jr.'s *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 93) is denied.
2. The Court will not issue a certificate of appealability.
3. A separate judgment will issue.
4. The Clerk of Court is directed to mail a copy of this Memorandum and Order and the Judgment to Shores at his address of record.

Dated this 9th day of September 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge